**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for JUDY KUCERA, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JUDY KUCERA, | ) | Case No. 21-cv-8267 |
| | ) | |
| Plaintiff, | ) | ***Civil Rights*** |
| | ) | |
| vs. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | **FOR INJUNCTIVE AND** |
| CALIFORNIA CHECK CASHING | ) | **DECLARATORY RELIEF AND** |
| STORES, LLC, dba California Check | ) | **DAMAGES** |
| Cashing Stores; and GREEN CANYON | ) | |
| WAY LLC, | ) | |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

**SUMMARY**

1. This is a civil rights action by Plaintiff JUDY KUCERA ("Ms. Kucera" or "Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as California Check Cashing Stores, and located at/about 1720 W San Carlos St San Jose, CA 95128.

2. Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 *et seq.*), and related California statutes, Plaintiff seeks injunctive and declaratory relief and damages against CALIFORNIA CHECK CASHING STORES, LLC, dba California Check Cashing Stores; and GREEN CANYON WAY LLC.

**JURISDICTION**

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. §1367.

5. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

**VENUE**

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

**INTRADISTRICT ASSIGNMENT**

7. This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

**PARTIES**

8. CALIFORNIA CHECK CASHING STORES, LLC, dba California Check Cashing Stores; and GREEN CANYON WAY LLC (hereinafter alternatively collectively referred to as "Defendants") were, and currently are the owners, operators, managers, and/or leasees of a

public accommodation (land and building) commonly known as California Check Cashing Stores, and located at or around 1720 W San Carlos St San Jose, CA 95128 (hereinafter the "Facility").

9. Plaintiff does not know Defendants' relative responsibilities in causing the access violations herein complained of and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when relative responsibilities, capacities, connections of the Defendants are ascertained.

10. Plaintiff is 82 years old and is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Specifically, Plaintiff has limited mobility because she is overweight and has scar tissue from surgery. Plaintiff's weight cause her legs to swell making it impossible for her to navigate in public without mobility devices and unable to stand for prolonged period of time. As a result, Plaintiff relies daily on a walker or a cane for mobility and stability. Due to her mobility disabilities, Plaintiff cannot independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require mobility aids. Ms. Kucera possesses a disability parking placard issued by the State of California.

**FACTS**

11. The Facility is a public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7), and California civil rights laws. Cal. Civil Code § § 51 *et seq.,* and Health & Safety Code § 19955 *et seq*. The Facility is open to the public, is intended for nonresidential use, and its operation affects commerce.

12. Ms. Kucera has been a patron at the Facility at least once a month since 2019 for the purpose of making copies and obtaining same-day loans. Ms. Kucera was denied full and equal access to the Facility during each visit including as recently as August 3, 2021 and September 4,

2021.

13. First, the exterior path of travel was not accessible to Ms. Kucera due to the path of travel being uneven and having various cracks. Consequently, Ms. Kucera had to struggle during each visit as she tried to avoid the dangerous condition.

14. Second, the lines at the Facility were always long during each visit, at least 20-30 minutes, and Ms. Kucera, due to her disability, was unable to stand in line for such a long time. Despite requests for a chair to sit on, Defendants' employees refused to provide Ms. Kucera with a chair. Defendants used to have one chair near the counter but were unwilling to bring her this chair. More recently, Defendants got rid of the chair completely. Defendants' employees have failed to accommodate Ms Kucera. Due to the long line, Ms. Kucera would sometimes have to return to the Facility a couple of times a day when the line was relatively shorter.

15. On October 2, 2021 Ms. Kucera spoke by phone with Defendants' employee regarding the long lines at the Facility. For the first time, Ms. Kucera was advised that an employee can bring chair for Ms. Kucera to sit on, but she would need to sit outside. No reason was provided why Ms. Kucera needs to sit outside. Sitting outside is not acceptable to Ms. Kucera in part because it is unsafe due to the homeliness situation in the area.

16. As a result, Ms. Kucera has left each time stressed and a frustrated unable to complete her tasks. The Facility is located in a convenient location, less than 3 miles from her home, and Ms. Kucera wants to be able to  continue to utilize Defendants' services at the Facility. However, she is unable to on a full and equal bases with abled-bodied patrons until Defendants eliminate the architectural and policy barriers.

17. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Facility. While he could not make detailed measurements, he determined that the Facility was also inaccessible in multiple other ways, including, but not limited to, the following: (1) connection to side walk as public right of way from bus stop has steep slope; (2) flared side connection to side walk has steep slope; (3) tripping hazard at path to front door; and (4) high cross slopes on path to front door. These barriers to

access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by wheelchair users. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

18. Defendants knew that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility without much difficulty or expense and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

19. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair users and to comply with the ADA Standards for Accessible Design and Title 24 regulations. Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

20. Ms. Kucera further alleges that the continued presence of the barriers at the Facility is so obvious as to establish Defendants' discriminatory intent. On information and belief, Ms. Kucera avers that evidence of the discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility and its facilities; conscientious decision to the architectural layout as it currently exists at the Facility; decision not to remove barriers from the Facility; and allowance that the Facility continues to exist in its non-compliant state. Ms. Kucera further alleges, on information and

belief, that Defendants are not in the midst of a remodel, and that the barriers present at the Facility are not isolated or temporary interruptions in access due to maintenance or repairs.

### FIRST CLAIM

**Americans with Disabilities Act of 1990**

**(TITLE III USC §12101 *et seq.*)**

**(Against all Defendants and each of them)**

**Denial of "Full and Equal" Enjoyment and Use**

21.  Ms. Kucera repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 20 of this Complaint and incorporates them herein as if separately repled.

22. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

23. Defendants discriminated against  Ms. Kucera by denying her "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Facility during each visit and deterrence.

**Failure to Remove Architectural Barriers in an Existing Facility**

24. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id*. § 12181(9).

25. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

26. Here, Ms. Kucera alleges that Defendants can easily remove the architectural barriers

at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

27. In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

**Failure to Design and Construct an Accessible Facility**

28. On information and belief, the Facility was designed or constructed or both after January 26, 1992 independently triggering access requirements under Title III of the ADA.

29. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a) (1).

30. Here, Defendants violated the ADA by designing or constructing or both the Facility in a manner that was not readily accessible to the physically disabled public, including Ms. Kucera, when it was structurally practical to do so.

**Failure to Make an Altered Facility Accessible**

31. On information and belief, the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

32. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

33. Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Plaintiff, to the maximum extent

feasible.

### Failure to Modify Existing Policies and Procedures

34. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

35. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford and would not fundamentally alter the nature of these goods, services, facilities, or accommodations.

36. Ms. Kucera seeks all relief available under the ADA *i.e.*, injunctive relief, attorney fees, costs, legal expense for these aforementioned violations. 42 U.S.C. § 12205.

37. Ms. Kucera also seeks a finding from this Court *i.e.*, declaratory relief that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

### <u>SECOND CLAIM</u>

### Disabled Persons Act

### (California Civil Code § 54 *et seq.*)

### (Against all Defendants and each of them)

38. Ms. Kucera repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 37 of this Complaint and incorporates them herein as if separately repled.

39. The Facility is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code  § 54 *et seq.*

40. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public

buildings, public facilities, and other public places. California Civil Code § 54.

41. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

42. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

43. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to her disability.

44. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3, Plaintiff prays for judgment as set forth below.

**THIRD CLAIM**

**Unruh Civil Rights Act**

**(California Civil Code §51 *et seq.*)**

**(Against all Defendants and each of them)**

45. Ms. Kucera repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 44 of this Complaint and incorporates them herein as if separately repled.

46. The Facility is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

47. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

48. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f). Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial

of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Facility.

49. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

50. Pursuant to the remedies, procedures, and rights set forth in California Civil Code  § 52, Plaintiff prays for judgment as set forth below.

## FOURTH CLAIM

### (California Health & Safety Code §§ 19955 *et seq.*)

### Denial of Full and Equal Access to Public Facilities

### (Against all Defendants and each of them)

51. Ms. Kucera repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 50 of this Complaint and incorporates them herein as if separately repled.

52. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities built with private funds shall adhere to the provisions of Government Code § 4450.  Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

53. Ms. Kucera alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 or both, and that the Facility was not exempt under Health and Safety Code § 19956.

54. Defendants' non-compliance with these requirements at the Facility aggrieved Ms. Kucera and other persons with physical disabilities.

55. Accordingly, she seeks injunctive relief pursuant to Health and Safety Code § 19953, *et seq.*

//

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

1.      Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to wheelchair users and issue a preliminary and permanent injunction directing Defendants to provide and maintain facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy. **Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section**;

2.      A declaration that Defendants are in violation of the Americans with Disabilities Act;

3.      Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

4.      Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

5.      Award to Plaintiff all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

6.      Award to Plaintiff prejudgment interest pursuant to Civ. Code, § 3291;

7.      Grant such other and further relief as this Court may deem just and proper.


Dated: October 22, 2021          */s/  Irakli Karbelashvili*_____
                                 Irakli Karbelashvili, Attorney for Plaintiff
                                 JUDY KUCERA


**DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

1

2

3      Dated: October 22, 2021            */s/  Irakli Karbelashvili*
                                          Irakli Karbelashvili, Attorney for Plaintiff
4                                         JUDY KUCERA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28